*In re* MONREAL ESTATE

Docket No. 72486. Argued June 5, 1985 (Calendar No. 9).—Decided
    October 21, 1985.

Robert Monreal obtained a default judgment of divorce from
    Catherine Monreal which provided, *inter alia,* that he designate
    his five minor children as beneficiaries on a life insurance
    policy provided by his employer. After initial compliance, Rob-
    ert Monreal changed the beneficiary on the policy, designating
    his second wife, Zetta, as beneficiary. Robert and Zetta were
    subsequently divorced, and, as part of the divorce settlement,
    Zetta was to give up any interest in the life insurance policy.
    Robert died while Zetta was still designated as the beneficiary
    of the policy and while one child, Christopher, was a minor.
    Catherine A. Monreal, as conservator of the estate of Christo-
    pher P. Monreal, brought an action in the Genesee Circuit
    Court against Zetta D. Monreal and Lucy R. Beaulieu, personal
    representative of the estate of Robert Monreal, claiming the
    proceeds of the policy on behalf of Christopher. The court, Earl
    E. Borradaile, J., transferred the case to the Genesee Probate
    Court. The probate court, Harold E. Resteiner, J., granted the
    plaintiff's motion for summary judgment and ruled that the net
    proceeds of the life insurance policy be used to pay weekly
    support payments for Christopher until his eighteenth birth-
    day, at which time the balance of the monies remaining be
    equally divided among the deceased's five children. The Court
    of Appeals, R .B. BURNS, P.J., and BRONSON and ROBINSON, JJ.,
    reversed in an opinion per curiam, holding that while the life
    insurance benefits should be used for Christopher's support
    payments until his eighteenth birthday, the remainder of the
    proceeds should pass to Robert Monreal's estate (Docket No.
    64963). The plaintiff appeals.

In a unanimous opinion by Justice BRICKLEY, the Supreme
    Court *held:*

The provision in the divorce judgment requiring the father to

REFERENCES FOR POINTS IN HEADNOTE

Am Jur 2d, Divorce and Separation § 1018 *et seq.*
Provision in decree that one party obtain or maintain life insurance
    for benefit of other party or child. 59 ALR3d 9.

designate his minor children as beneficiaries of a life insurance policy was intended as security for his obligation under the judgment to support the minor children in case any of the children had not reached the age of majority at the time of his death. The judgment did not require that the children be retained as beneficiaries upon reaching the age of eighteen so long as one of the children remained a minor. While the father had no authority to remove the children as beneficiaries prior to their reaching eighteen years of age, the removal. of the children after that time was effective.

1. The provision in the divorce judgment that the decedent's minor children be designated as beneficiaries of a life insurance policy provided by his employer was intended, in light of an examination of the judgment as a whole, as security for the decedent's support obligation. The amount of the weekly support payments was specified in the agreement. As the number of minor children decreased, so did the amount of the weekly payments. The sliding scale coupled with the concurrence between the insurance and support requirements evidences the intent that the insurance was to be security for the support payments until the minor child reached eighteen years of age.

2. The decedent was not required to pay health expenses for the children that reached the age of majority just because one or more of the children were still minors. To interpret the support provision to mean that the insurance policy was to be maintained for the benefit of the decedent's children after they turned eighteen years of age merely because one or more was still a minor would be internally inconsistent.

3. The primary claim to the life insurance proceeds in this case is for the support of the minor child. Under the terms of the divorce judgment, the decedent was required only to designate his minor children as beneficiaries. Thus, the change of beneficiaries was effective except as to the remaining minor child.

Affirmed.

126 Mich App 60; 337 NW2d 312 (1983) affirmed.

DIVORCE — LIFE INSURANCE — CHILD SUPPORT.

A provision in a divorce judgment requiring a father to designate his minor children as beneficiaries of a life insurance policy was intended as security for his obligation under the judgment to support the minor children in case any of them had not reached the age of majority at the time of his death; the judgment did not require that the children be retained as beneficiaries upon reaching the age of majority so long as one

of the children remained a minor, and while the father had no authority to remove the children as beneficiaries prior to their reaching the age of majority, the removal of the children after that time was effective.

*Richard P. King* for the plaintiff.

*Bennett S. Engelman* for the defendants.

BRICKLEY, J. On December 29, 1969, Robert Monreal obtained a default judgment of divorce from Catherine Monreal in the Genesee Circuit Court. The couple had five children. The divorce judgment provided, almost verbatim from a property settlement, that Robert Monreal was to designate the children as beneficiaries of a life insurance policy provided by his employer.

Mr. Monreal initially complied with the provision, but, in January of 1972, made his second wife Zetta the beneficiary of his life insurance. Robert and Zetta were divorced in 1980. As part of this divorce judgment, Zetta was to give up any interest in Robert Monreal's life insurance. Robert Monreal died on July 24, 1981, while Zetta was still designated as the beneficiary on the policy.[1] At the time of his death, his five children were alive, and one of them, Christopher, was a minor. Decedent left a will which expressly excluded his children as beneficiaries of his estate.

Catherine Monreal filed a claim for the proceeds of the life insurance on behalf of the minor child. The probate court ruled that the proceeds be used for the support of Christopher Monreal until he turned eighteen[2] and that the amount then remaining be divided equally among the five chil-

[1] Zetta Monreal initially claimed the life insurance proceeds, but has since abandoned her claim and is no longer a party to this action.

[2] More specifically the obligation for support continued until the children reached age eighteen or graduated from high school, whichever occurred later.

dren. The Court of Appeals held that the life insurance benefits should be used for the minor's support, but that the remainder should pass to Robert Monreal's estate. 126 Mich App 60; 337 NW2d 312 (1983). Catherine Monreal, as conservator of Christopher Monreal's estate, filed an application for leave to appeal which we granted on May 17, 1984. 419 Mich 869 (1984).

The Court of Appeals held that the

> judgment of divorce requiring that the children be maintained as beneficiaries only during their minority or until completion of their high school education makes it clear that the parties and the court intended the insurance only as security to make sure that the father's support obligation was satisfied in the event of his death prior to the termination of that obligation. [126 Mich App 65.]

The appellant would interpret the disputed provision to mean that Robert Monreal was required to maintain all of the children as beneficiaries until the youngest reached eighteen, and, since Robert Monreal died while one child was a minor, all of the children should divide the insurance proceeds after the support obligation is satisfied.

We agree with the Court of Appeals that an examination of the divorce judgment as a whole makes it clear that the requirement pertaining to the life insurance was intended to be security for the father's support obligation in case any of the children did not reach the age of majority before his death.

The divorce judgment provided in part:

IV. Support for Minor Children

It is further ordered and adjudged that the Plaintiff, Robert Monreal, shall pay to the Defendant, Catherine A. Monreal, as and for support of

the minor children, the following sums of money, each week, weekly in advance, such weekly sums to include ordinary medical expenses: The Plaintiff shall pay the sum of Seventy-Five ($75.00) Dollars each week as support for the said five minor children as long as the support obligation includes five minor children; when the Plaintiff's child support obligation includes four minor children, the Plaintiff shall pay the sum of Sixty-Five ($65.00) Dollars each week for the support of said children; when the support obligation includes three minor children, the support payments shall be Fifty-Five ($55.00) Dollars each week; when the support obligation includes two minor children, the support payments shall be Fifty ($50.00) Dollars each week; and when the support obligation includes and involves only one child, the support payment shall be Thirty-Five ($35.00) Dollars each week.

It is further ordered and adjudged that *the support payment for each of the named minor children shall continue until each child attains the age of eighteen (18) years or completes high school, whichever event is later.* The Plaintiff, Robert Monreal, shall continue to defray through insurance coverage, or by direct payment, all extraordinary medical, dental, optical and other extraordinary health expenses incurred on behalf of said minor children until his obligation to support said minor children has been fully completed.

\*   \*   \*

It is further ordered and adjudged that *as further support,* the Plaintiff, Robert Monreal, *shall designate the minor children,* Robert M. Monreal, David A. Monreal, Anthony J. Monreal, Ann M. Monreal and Christopher D. Monreal, as irrevocable beneficiaries on his life insurance policy furnished by his employer, A. C. Spark Plug, and such designation *shall remain until Plaintiff's obligation to support said minor children has been completed fully as above provided.* Further, the Plaintiff shall furnish proof of compliance here-

with to the Friend of the Court within sixty (60) days from the filing of this Judgment of Divorce.

\* \* \*

VII. INSURANCE PROVISION

IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff, Robert Monreal, shall hereafter have no further interest as beneficiary or otherwise in and to any life insurance policies, endowment or annuity contracts standing in the name of or insuring the life of the Defendant, Catherine A. Monreal; and the Defendant, Catherine A. Monreal, shall hereafter have no further interest as beneficiary or otherwise in and to any life insurance policies, endowment or annuity contracts standing in the name of or insuring the life of the Plaintiff, Robert Monreal. [Emphasis added.]

There were separate sections dealing with custody, visitation, and property settlement.

Appellant contends that the wording of the judgment indicates an intent that Robert Monreal be required to retain all five children as beneficiaries of his life insurance until the youngest reached eighteen.

The provision at issue is placed under the heading, "Support for Minor Children," and not under the "Property Settlement" or "Insurance" provisions of the judgment. The judgment also provides that the life insurance was required as "further support" for the minor children until that obligation was completed "as above provided" in the judgment. The words "above provided" referred to those provisions which required the father to pay specified amounts each week as child support. As the number of children who were minors decreased, so did the amount of the payments. Further, the support obligation only continued until "each child attain[ed] the age of eighteen (18) years or complete[d] high school," whichever event

was later. This sliding scale, coupled with the concurrence of the insurance and support requirements, convinces us that the Court of Appeals did not err in finding that the purpose of the life insurance provision was security for the support of each child until the age of eighteen. It would be internally inconsistent to interpret this provision, placed in proximity to the support provision of the judgment, as meaning that the insurance must be maintained for the benefit of Robert Monreal's sons and daughter after they turned eighteen just because one or more was still under that age. Under the same heading, the deceased was required, by language similar to that at issue here, to pay extraordinary health expenses of the children "until his obligation to support said minor children has been fully completed." Just as we could not inconsistently construe the parallel clause regarding the life insurance, we cannot believe that this language means that the father was required to pay health expenses for the children that attained the age of majority just because one or more of his other children were still minors. Looking at the responsibilities imposed upon Robert Monreal under the judgment of divorce as a whole, it is clear that the insurance provisions were intended to benefit only minor children. It would frustrate the intent of the parties to allow the adult sons and daughter to benefit from an insurance policy required as adequate security for their support as minors.

In support of their interpretation of the agreement between the parties, appellants cite *Kasper v Metropolitan Life Ins Co,* 412 Mich 232; 313 NW2d 904 (1981), in which there was a similar life insurance beneficiary arrangement made for a minor child who, when his divorced father was killed, was only two years old. A plurality of this Court

held that the minor child was entitled to the proceeds of the insurance policy even though the divorced father had not kept the minor child as a beneficiary.

We find *Kasper* unhelpful because in that case there were no other children who had reached majority for whom a claim was made and there was no suggestion in awarding the proceeds of the policy to the minor child that he was receiving more than the support to which he would have been entitled prior to his reaching majority or graduation, whichever occurred latest.[3]

We find no error in the reasoning of the lower courts that the father had no authority to remove his children as beneficiaries from the policy before they reached age eighteen. The primary claim to the life insurance proceeds is for the support of the minor child. We, therefore, do not agree with the appellant's assertion that the deceased was not able to remove any of the children as beneficiaries until they were all eighteen years old. Under the terms of the judgment, Robert Monreal was required only to "designate the *minor children*" as beneficiaries. Accordingly, the change of beneficiaries was effective except as to the support of the minor child.

Affirmed, costs to the estate.

WILLIAMS, C.J., and LEVIN, RYAN, CAVANAGH, BOYLE, and RILEY, JJ., concurred with BRICKLEY, J.

---

[3] We note that the parties have not contested the ability of the court to enforce this agreement, which was the principal issue in *Kasper.*