**In re the ESTATE OF Peter J. HEINZ, Deceased.**

No. C6–87–1113.

Court of Appeals of Minnesota.

Nov. 24, 1987.

Paul Wendlandt, Jr., Crosby, for appellant.

Harlan E. Smith, Walker, for respondent.

Considered and decided by NORTON, P.J., and MULALLY, and LOMMEN, JJ.,* with oral argument waived.

## OPINION

NORTON, Judge.

The estate of Peter Heinz appeals from a judgment granting Shirlee Heinz's claims against the estate. We affirm.

### FACTS

Shirlee Heinz and Peter Heinz were divorced in 1975. At the time, Peter Heinz owned three whole life insurance policies and one term life policy under a group employment plan. A temporary court order prohibited the parties from further encumbering their assets and required Peter Heinz to maintain existing insurance policies. Subsequent to the temporary order, Peter Heinz took out loans of $3237.53 against two of the whole life policies. A final decree prohibited Peter Heinz from further encumbering the policies.

Peter Heinz was diagnosed as having cancer in December 1985, and he retired in April 1986. He died in August 1986. Shirlee Heinz filed claims against the estate based on the court orders. Her claims were denied by the estate.

A hearing was held on March 17, 1987. Shirlee Heinz claimed that upon his retirement, the decedent allowed the group policy to lapse, and that he failed to replace it. The death benefits payable to her as the beneficiary would have been $10,000. She also made a claim for the $3237.53 Peter Heinz borrowed against the two policies. Shirlee Heinz argued that under both the temporary order and the final dissolution decree, Peter Heinz was required to keep the $10,000 policy in force and was prohibited from encumbering any of the policies.

The crucial language of the orders provides:

[Temporary Order]

6. Both of the parties hereto are mutually enjoined and restrained from selling, disposing of, encumbering, assigning, secreting or dissipating assets of the parties, whether the same be held jointly or severally, without either the written permission of both parties hereto or the further Order of this Court.

&ast; &ast; &ast; &ast; &ast; &ast;

8. Respondent shall maintain in full force and effect, without change of amounts or beneficiaries, all health, automobile and accident and life insurance.

[Final Decree]

8. Respondent is awarded all right, title and interest in and to those certain life insurance policies with the Northwestern Mutual Insurance Company in the total amount of $40,000.00 and John Hancock Insurance Company in the total amount of $10,000.00. Respondent shall maintain in full force and effect and shall designate the Petitioner as the primary beneficiary thereon and thereunder as to the following policies:

&ast; &ast; &ast; &ast; &ast; &ast;

John Hancock Insurance Company, # 10388–GTC–100 (Group Policy) $10,-000.00 (Whole Life)

Respondent shall not further encumber the aforesaid policies of insurance so long as this provision is in full force and effect.

The final paragraph of the decree states that:

Each party is forever released from any claims against the other except as may arise under the terms and provisions pursuant to the Judgment and Decree to be entered herein.

After the hearing, the trial court allowed the claims, finding Peter Heinz had violated the two court orders. Further, the court found:

### V.

That the Judgment and Decree of Divorce, when it comes to the policies of insurance, obviously to this Court uses such policies as property settlement in the division of assets between the parties. As a result, Claimant actually received $13,237.53 less in property settle-

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

ment than would have been received had Decedent complied with Court directives.

## VI.

That Claimant was unaware of the lapse of one policy and borrowing against two others until after Decedent passed away.

## VII.

That at the instant of failing to follow Court directives, Decedent became indebted to Claimant in the amount either borrowed or lapsed.

## VIII.

That Decedent made no effort to modify the Judgment and Decree, leaving the debt as a liquidated amount unequivocally owing at the date of death.

Beverly Heinz, the personal representative of the estate, who was married to Peter Heinz at the time of his death, appealed the decision.

## ISSUES

I. Did the trial court err by allowing respondent's claim for $10,000 in lieu of the life insurance benefits?

II. Did the trial court err by ordering the estate to pay the $3337.53 for amounts Peter Heinz borrowed against two policies?

## ANALYSIS

### I.

Appellant argues the trial court erred in its interpretation of the decree. She maintains the court erroneously imposed an "absolute obligation" on Peter Heinz to obtain replacement coverage; yet, the decree does not specify that he was required to procure substitute insurance should coverage lapse. Appellant also claims the policies were awarded as security for alimony, not as part of the property settlement as the trial court found. She argues that the decree required Peter Heinz to maintain the policies only until Shirlee Heinz's death or remarriage. Therefore, according to appel-

lant, it is reasonable to construe the decree not to impose an obligation to procure substitute coverage.

█ Until the decree was modified, Peter Heinz was obligated to follow its requirements by keeping the $10,000 policy in force. A decree need not detail every possible contingency when it clearly sets out each party's rights and obligations. The decree is ambiguous on the issue of whether the policies were awarded as property or as maintenance. The trial court's ruling that they were in the nature of property settlement is a reasonable construction of the decree and we will not overturn it.

Alternatively, appellant argues that Peter Heinz was incompetent and should thus be excused from performance of any obligation to replace coverage. There is no judicial finding that Peter Heinz is incompetent, however, and no proceeding was brought to determine his competence.

Finally, appellant claims, the insurance terminated when Peter Heinz retired and the group policy did not permit conversion upon termination. Also, replacement coverage would have been prohibitively expensive or impossible to obtain, appellant argues, because of Peter Heinz's cancer.

█ The trial court correctly determined that Peter Heinz should have sought to modify the decree if he were unable to procure replacement coverage. He could have argued that his change of circumstances merited modification of the decree. *See* Minn.Stat. § 518.64, subd. 2 (1986). The burden was not on Shirlee Heinz to discover the lapse in coverage and move to enforce or modify the decree.

### II.

█ Appellant argues that the claims for the loans should be disallowed because they were made after the temporary order but before the final decree. Appellant argues the findings in the decree include loans in the amount of $11,106.42, and that this figure includes the loans at issue. According to appellant, the temporary order is merged into the final order. Under the final paragraph of the decree, she argues,

respondent lost her claim for the encumbrances because each party released the other from future claims. We agree with the trial court that Peter Heinz violated the court orders and that Shirlee Heinz had valid claims the moment the orders were violated. The temporary order had the force of law and Peter Heinz was bound by its mandate not to further encumber the policies.

### DECISION

The trial court properly awarded respondent's claims against the estate.

Affirmed.