Nancy THIEBAULT, Appellant,

v.

Beverly A. THIEBAULT, individually
and as mother of Jill Thiebault,
Respondents.

No. C3-87-2168.

Court of Appeals of Minnesota.

April 5, 1988.

Jerome B. Abrams, Austin & Roth, Minneapolis, for appellant.

Alonzo B. Seran, Olson, Gunn & Seran, Ltd., Minneapolis, for respondents.

Heard, considered and decided by
KALITOWSKI, P.J., and RANDALL
and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Appellant Nancy Thiebault brought a declaratory judgment action to determine her rights according to a life insurance policy. At issue was entitlement to $10,000 in proceeds. After denying appellant's motion for summary judgment, the court entered summary judgment for respondents Beverly and Jill Thiebault, and awarded the proceeds accordingly. Appellant's motion to reconsider and amend findings was denied.

## FACTS

On June 9, 1982, the marriage of Richard and Beverly Thiebault was dissolved. Among other provisions, the decree provided:

> That the Petitioner shall name the minor child of the parties as an irrevocable beneficiary on the life insurance policy carried and paid by the Petitioner's employer to the extent of Ten Thousand and no/100 Dollars ($10,000.00), said child to be named as a beneficiary until the child attains the age of eighteen years (18), marries or becomes self-supporting, whichever event occurs earliest.

After the divorce, Richard Thiebault married appellant Nancy Thiebault, naming her sole beneficiary on the policy. Thiebault died without ever complying with the provision of the dissolution decree which required him to list his daughter Jill, age 14 at the time of his death, as a beneficiary. The life insurance policy was provided by Canada Life Assurance Company and had a face value of $28,000.

Jill Thiebault contested the distribution of the life insurance proceeds to appellant, causing Canada Life to pay the $28,000 into court. Later, appellant obtained the uncontested $18,000 by stipulation and court order. The court awarded the remaining $10,000 to respondents. Nancy Thiebault appeals.

## ISSUE

Did the trial court err by ordering the proceeds of a life insurance policy to be paid to the decedent's minor child where, in violation of a divorce decree, the child was never named as a beneficiary?

## ANALYSIS

The trial court concluded that Minn.Stat. § 518.64, subd. 4 (1986) empowers the trial court to order Richard Thiebault to obtain life insurance to secure child support payments, and that support arrearages can be paid out of life insurance proceeds despite Richard's failure to list Jill as a beneficiary.

Appellant admits that under *Arundel v. Arundel*, 281 N.W.2d 663, 667 (Minn.1979), the court had the power to order an obligor to provide life insurance benefits for child support payments. Appellant argues, however, that the court erred in holding that *Arundel* and Minn.Stat. § 518.64, subd. 4 (1986) allow the court to disregard the beneficiary designation on the policy.

The decedent made no attempt to modify the insurance mandate through court proceedings, and Jill Thiebault, the court-ordered beneficiary, does not have the burden to discover and act on her father's failure to list her as beneficiary. *See Estate of Heinz*, 415 N.W.2d 429, 431 (Minn.Ct.App. 1987).

The decree honors the interest of the children for personal security by granting insurance benefits in addition to a child support award. Without identifying an equitable theory, the trial court concluded that the obligation of child support arrears permitted it to demand application of insurance money to the unpaid support. *See Monreal Estate*, 126 Mich.App. 60, 64, 337 N.W.2d 312, 314 (1983), *aff'd*, 422 Mich. 704, 375 N.W.2d 329 (1985) (proceeds of the policy are security to protect the support rights of children). In this case, the insurance provides more than general benefit or security for a child, serving as narrowly defined "security" for child support payments which are already in arrears.

The law supports a constructive trust to provide future financial security for the unnamed beneficiary in these circumstances. *See, e.g., Taylor v. Taylor*, 413 N.W.2d 587, 589 (Minn.Ct.App.1987) (affirming a grant of summary judgment against a named beneficiary on the ground that she was unjustly enriched by receiving insurance proceeds in knowing violation of a dissolution decree restricting the decedent's ability to designate beneficiaries); *Gutierrez v. Madero*, 564 S.W.2d 185, 190 (Tex.Civ.Ct.App.1978) (since former husband committed constructive fraud in violating divorce decree by changing the beneficiary designation, constructive trust was created for children).

## DECISION

The trial court did not err by awarding the disputed $10,000 in life insurance proceeds to respondents.

Affirmed.