Linda **BODNAR**, Appellant–Plaintiff,

v.

**CITY OF GARY**, Appellee–Defendant.

No. 64A03–9305–CV–174.

Court of Appeals of Indiana,
Third District.

Feb. 28, 1994.

Rehearing Denied April 12, 1994.

Sheldon H. Cohan, Merrillville, for appellant-plaintiff.

Eric Oden Clark, Gary, for appellee-defendant.

GARRARD, Judge.

Linda Bodnar (Bodnar) appeals a judgment on the evidence entered by the trial court in favor of the City of Gary (City).

The facts in this case reveal that on September 9, 1987, Bodnar was driving south on Grant Street in Gary, Indiana. She alleges that she was unable to see the stop signal located at 25th Avenue because it was obscured by trees along Grant Street. As a result, she ran a red light at the intersection and was involved in a collision. Bodnar was injured in the accident.

Bodnar sued the City on February 25, 1988, alleging negligence on the part of the City in failing to remove or trim the trees obscuring her view of the traffic signal at the intersection of Grant and 25th Streets. A jury trial commenced on January 26, 1993. At the conclusion of plaintiff's presentation of the evidence, the City moved for judgment on the evidence stating that Bodnar had not demonstrated a duty on the part of the City to prevent trees and foliage from obscuring the stop light in question. The trial court agreed and granted the City's motion on January 27, 1993.

Bodnar brings one issue before us on appeal: whether the trial court erred in granting the City's motion for judgment on the evidence. Specifically Bodnar contends that the trial court erred in finding no common law duty and alleges error in failing to admit Gary City Ordinance No. 2399 as evidence of an affirmative duty on the part of the City to trim trees or otherwise keep traffic signals visible to motorists.

■ Whether a duty exists is a question of law and absent a duty, no actionable negligence can arise based on such a breach. *Howin v. Burger by Burger* (1992), Ind.App., 590 N.E.2d 593, 596. Before a jury may consider a question of negligence, therefore, the trial court must first determine whether the defendant owes the plaintiff a duty and, if so, what standard of care should be imposed by that duty. *See Northern Indiana Public*

*Service Co. v. Stokes* (1986), Ind.App., 493 N.E.2d 175, 178.

■ We turn first to Bodnar's assertions regarding the ordinance. Gary City Ordinance No. 2399 was put into effect in July of 1940 and reads in pertinent part as follows:

In order that the view of a person or persons driving along the streets of the City of Gary, Indiana, at the intersections thereof may not be obstructed, nor the usefulness, convenience and safety of such public streets impaired, nor the public safety jeopardized thereby, it is hereby made unlawful for the owner of any real estate to ... fail, refuse or neglect to keep all trees trimmed of limbs and branches and leaves which hang down and obstruct the vision between a point six (6') feet above the crown of any such street and a point three (3') feet above the crown of any such street where such trees are located nearer than thirty (30') feet from the curb of any such street....

In the event that any such obstruction to the view of any such street intersection shall be maintained in violation of this ordinance, the Park Board, the Superintendent of Parks and the Street Commissioner, and either of them, is hereby given the power and the authority to enter upon said real estate, and/or upon such lot, and to remove any such obstructions to the view, and/or to trim any such plants, flowers, shrubs, bushes, weeds, trees or other vegetation which conflict with the requirements of this Ordinance.

Contrary to Bodnar's interpretation, this ordinance does not create a duty on the part of the City to trim trees. Rather, it places an affirmative duty on the owners of the property on which the offending vegetation grows. In case the landowner neglects his duty, the ordinance authorizes City personnel to take care of the problem themselves. An authorization to trim is not the same as a duty to trim and we therefore see no error in the trial court's decision to deny Bodnar's request to admit this document.

■ Bodnar next asserts that the City has a common law duty to keep traffic signals visible to motorists. Indiana courts

have recognized a general duty on the part of the state, counties, and municipalities to exercise reasonable care in the design, construction, maintenance, and repair of the roads and highways within their control. *Miller v. Indiana State Highway Dept.* (1987), Ind.App., 507 N.E.2d 1009, 1012, *reh. granted*, 514 N.E.2d 93 (1987), *trans. denied* (1988) (addressing other points and affirming the original opinion). In addition, Indiana recognizes that once a traffic control device has been placed at a location, the governmental entity in charge of the device has a duty to reasonably maintain that device. *Id.* at 1013. The state, county, or municipality is held to the standard of care which would be exercised by an ordinary prudent person under the circumstances. *Id.* Of course, before liability can be imposed, the municipality must have actual or constructive knowledge of the dangerous condition alleged. *Id.* The municipality can be charged with constructive knowledge when the condition is of such a nature that a city or its agents could, in the exercise of reasonable diligence, have discovered and corrected it. *See Id.* Where a reasonably prudent person would not have been alerted to action, there is no negligence. *Id.*

 In this case, Bodnar asserts that part of the City's duty to maintain its traffic signals was the duty to maintain their visibility to the intended users. We agree. This court has held that the maintenance of a stop sign, for example, includes assuring that the sign is visible to motorists, *id.* at 1012, and we see no principled reason to find that the City would not owe the same duty with regard to its stop lights. To hold otherwise would obtain the ridiculous result that the City would owe a duty to repair a stop light, but that it would not need to ensure that such a light was visible to its users. *See Id.* We therefore hold that part of a city's duty to maintain its traffic lights includes a duty to reasonably assure their visibility to motorists.

This does not, however, save Bodnar's case. In addition to a duty, Bodnar needed to demonstrate that the City had actual or constructive knowledge of the visibility problem in this case. She has, howev-

er, put forth no evidence from which a jury could conclude that the City had the requisite knowledge. *See Id.* at 1013. We will not assume a breach of duty in this case in the absence of evidence from which a proper inference of knowledge can be drawn. *See Id.* (where there is neither actual nor constructive knowledge of the dangerous condition there is no negligence); *City of Indianapolis v. Bates* (1976), 168 Ind.App. 555, 343 N.E.2d 819, 822 (city must have actual or constructive knowledge of a defect or a reason to know that it exists and an opportunity to repair, as a prerequisite to its liability for negligence where automatic traffic control signal failed to function properly).

For the foregoing reasons, we affirm the judgment of the trial court.

HOFFMAN and ROBERTSON, JJ., concur.