Jessica Ann BUTLER, Individually and by Next Friend, Celeste Butler, Kevin and Celeste Butler, Appellants–Plaintiffs,

v.

CITY OF INDIANAPOLIS,
Appellee–Defendant.

No. 49A02–9501–CV–21.

Court of Appeals of Indiana.

July 19, 1995.

Larry A. Minnix, Linda B. Klain, Brattain, Minnix & Young, Indianapolis, for appellants.

Scott R. Leisz, Jeffrey T. Bennett, McHale, Cook & Welch, Indianapolis, for appellee.

## OPINION

STATON, Judge.

Jessica, Celeste and Kevin Butler (collectively "the Butlers") appeal the trial court's order granting summary judgment in favor of the City of Indianapolis ("the City") on the Butlers' negligence claim. The Butlers present two issues for our review, which we consolidate and restate as whether the trial court erred in granting the City's summary judgment motion.

We affirm.

The facts most favorable to the Butlers reveal that on June 30; 1992, Jessica Butler injured her leg when she stepped into a hole located at 3201 North Auburn Street in Indianapolis. The hole resulted from the removal of a temporary no parking sign, which had been erected by the City of Indianapolis prior to the Indianapolis 500 Mile Race. The sign was removed by City employee James Pryor on May 26, 1992.

The Butlers sought damages based on the City's negligence in failing to fill the hole that caused Jessica's injuries. The City moved for summary judgment, arguing that no genuine issue of material fact existed as to whether the City had actual or constructive knowledge of the dangerous condition. The trial court granted the City's motion, and this appeal ensued.

■ Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C). The burden is on the moving party to prove there are no genuine issues of material fact, and he is entitled to judgment as a matter of law. Once the movant has sustained this burden, the opponent must respond by setting forth specific facts showing a genuine issue for trial; he may not simply rest on the allegations of his pleadings. *Stephenson v. Ledbetter* (1992), Ind., 596 N.E.2d 1369, 1371. At the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion. T.R. 56(C). When reviewing an entry of summary judgment, we stand in the shoes of the trial court. We do not weigh evidence but will consider the facts in the light most favorable to the nonmoving party. *Reed v. Luzny*, (1994), Ind.App., 627 N.E.2d 1362, 1363, *reh. denied, trans. denied.*

■ A plaintiff can recover for negligence only if he establishes that the defendant breached a duty owed to the plaintiff, and that the defendant's breach was the proximate cause of the plaintiff's injuries. *Ogden Estate v. Decatur County Hospital* (1987), Ind.App., 509 N.E.2d 901, 902, *reh. denied, trans. denied.* Absent special circumstances, negligence cannot be inferred from the mere fact that an accident occurred. *Id.* Instead, a plaintiff must establish specific facts which place in question and support an inference that the defendant was negligent; an inference cannot arise or stand by itself. *Id.*

■ In order to impose liability on a municipality for injuries suffered due to a dangerous or defective condition upon a right of way, the plaintiff must prove: 1) that the dangerous or defective condition existed; and 2) that the municipality had actual or constructive knowledge thereof and a reasonable opportunity to repair the defect prior to the accident. *Bodnar v. City of Gary* (1994), Ind.App., 629 N.E.2d 278, 280, *reh. denied; Galbreath v. City of Logansport* (1972), 151 Ind.App. 291, 295–296, 279 N.E.2d 578, 580–581.

In response to the City's summary judgment motion, the Butlers presented affidavits from two neighbors who expressed their general knowledge about the unfilled condition of City-made holes in the neighborhood. They also presented the affidavit of a private investigator, who photographed the hole at issue after Jessica's injury. After reviewing these affidavits, the trial court found that the Butlers failed to designate any specific facts to rebut Pryor's statement that he filled the hole at 3201 North Auburn Street on May 26, 1992. As a result, the Butlers failed to raise a factual dispute regarding whether the City had actual or constructive knowledge of the dangerous condition which caused Jessica's injuries.

■ The Butlers argue that summary judgment is inappropriate because their designated evidence raises the inference that the City never filled the hole at 3201 North Auburn after removing the no parking sign. We disagree. Even when construed in the light most favorable to the Butlers, the designated affidavits contain nothing to indicate that the affiants had actual knowledge of the condition of the hole at issue. The inferences raised therefrom merely allow the factfinder to speculate that the hole at issue was in the same condition as other holes in the neighborhood. Such inferential speculation alone is insufficient to establish negligence. *Ogden Estate, supra.* By presenting no factual evidence to refute Pryor's statement that he filled the hole at issue with sand on May 26, 1992, the Butlers fail to raise a factual dispute regarding whether the City had actual or constructive knowledge of the dangerous condition prior to Jessica's injury.[1]

Because the Butlers failed to set forth specific evidence showing a genuine issue for trial, the trial court properly granted the City's summary judgment motion.

Affirmed.

HOFFMAN and ROBERTSON, JJ., concur.

---

1. The Butlers also challenge the trial court's order on the basis that summary judgment is rarely appropriate in a negligence case. *See State Street Duffy's v. Loyd* (1993), Ind.App., 623 N.E.2d 1099, 1101, *trans. denied.* However, this general rule does not relieve the nonmovant from his burden to designate specific factual evidence supporting the elements of a negligence claim, nor does it render reasonable those inferences which rest on mere speculation or conjecture. *Id.*