Jessica Ann BUTLER, Individually and by Next Friend, Celeste Butler, Kevin and Celeste Butler, Appellants (Plaintiffs below),

v.

CITY OF INDIANAPOLIS, Appellee (Defendant below).

No. 49S02–9605–CV–316.

Supreme Court of Indiana.

Aug. 6, 1996.

Larry A. Minnix, Linda B. Klain, Brattain, Minnix & Young, Indianapolis, for Appellant.

Scott R. Leisz, Jeffrey T. Bennett, McHale, Cook & Welch, Indianapolis, for Appellee.

On Petition To Transfer

DICKSON, Judge.

In this personal injury case, the trial court granted summary judgment for the defendant, and the Court of Appeals affirmed. *Butler v. City of Indianapolis,* 653 N.E.2d 501 (Ind.Ct.App.1995). We reverse.

The plaintiff, Jessica Ann Butler, a minor child, asserts that she was injured when she was walking home and stepped into an unmarked, unfilled hole near the Indianapolis Motor Speedway. The complaint filed alleg-

es that Jessica's injuries were caused by the negligence of defendant City of Indianapolis, which created the hole to erect a temporary "No Parking" sign for the Indianapolis 500 race and then failed to fill the hole when it removed the sign.

The defendant filed a motion for summary judgment, supported by the affidavits of two of its employees. The motion asserted that the City had no actual notice regarding the alleged dangerous condition and that the absence of evidence of the condition's duration precluded a claim that the City had constructive notice. In response, the plaintiffs submitted the affidavits of three neighborhood residents stating that it was typical for such holes to remain unfilled. They argued that the City's long-standing practice of erecting and removing the signs without filling the resulting holes constituted adequate proof of notice.

In granting the defendant's motion for summary judgment, the trial court found that approximately one month before Jessica stepped into the hole, the City had filled it with sand and thereafter received no actual notice of any hazardous condition stemming from this or any other hole. The trial court also found an absence of evidence regarding the length of time prior to Jessica's accident during which the hole had been dangerous. Affirming the grant of summary judgment, the Court of Appeals concluded that the affidavits submitted by the plaintiffs failed to demonstrate the affiant's actual knowledge of the "hole at issue" and that the claim of constructive notice based upon the condition of other holes in the neighborhood was insufficient as "inferential speculation." *Butler,* 653 N.E.2d at 503.

■ The standard for review of a summary judgment is well-established. While the party losing in the trial court must persuade us that the trial court's decision was erroneous, we face the same issues as did the trial court and analyze them in the same way. *Ambassador Fin. Services v. Indiana Nat'l Bank,* 605 N.E.2d 746, 751 (Ind.1992). Summary judgment is appropriate only if the pleadings and evidence show both the absence of a genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C). The evidence before the court must be lib-

erally construed in the light most favorable to the non-moving party. *Heck v. Robey,* 659 N.E.2d 498, 500 (Ind.1995); *Greathouse v. Armstrong,* 616 N.E.2d 364, 366 (Ind.1993). Where material facts conflict, or undisputed facts lead to conflicting material inferences, summary judgment is inappropriate. *Mortgage Consultants v. Mahaney,* 655 N.E.2d 493, 494 (Ind.1995); *Winkler v. V.G. Reed & Sons,* 638 N.E.2d 1228, 1231 (Ind.1994). We carefully scrutinize a trial court's grant of summary judgment to assure that the losing party is not improperly prevented from having its day in court. *Ambassador Fin. Services,* 605 N.E.2d at 751.

■ To help support its motion for summary judgment, the defendant presented the affidavit of James Pryor, in which Pryor asserts that on May 26, 1992, he removed the "No Parking" sign from the hole in question and filled it with sand to the level of the adjacent ground. The defendant also submitted the affidavit of Ray Wallace, one of the persons responsible for maintaining records of complaints and reports received from any source about alleged defects or problems related to streets and other rights-of-way of the City of Indianapolis. In the affidavit, Wallace stated that he reviewed the records for any reports regarding the presence of the hole in question for a period of time beginning May 26, 1992, and found that the first complaint to the City regarding said hole was received on July 15, 1992.

In response to the motion for summary judgment, the plaintiffs filed and designated affidavits, including those of two Indianapolis residents who live in the immediate vicinity of the hole into which Jessica stepped. Larry Kinsey, a fifteen-year area resident, stated that on the first of May each year, signs are put into existing holes in the neighborhood and that the holes are never filled when the signs are removed after the race. Archie Rowland, a twenty-five year area resident, was also familiar with the annual erection of the neighborhood signs approximately one month before the race. He also described seeing the signs removed from the ground after the race and loaded into trucks but not seeing any of the sign holes filled. He further stated that he had occasionally filled such a hole on his property to eliminate any hazard it presented.

We find the material facts to be in conflict. Pryor states that he filled the hole in question on May 26. Rowland and Kinsey, residents of the immediate neighborhood of the hole in question, assert that the holes are never filled. The defendant City presents undisputed evidence that it received no reports of the hole in question from May 26, 1992, until after Jessica's accident. However, if in fact the holes regularly went unfilled, the City had actual knowledge of their existence, even absent an external citizen report or complaint. Construing the evidence liberally, in the light most favorable to the nonmoving party, as we must, and finding that the disputed facts lead to conflicting material inferences, we conclude that it would be improper to prevent the plaintiffs from having their day in court.

Having previously granted transfer, we now vacate the grant of summary judgment. This cause is remanded to the trial court for further proceedings consistent with this opinion.

SHEPARD, C.J., and DeBRULER and SULLIVAN, JJ., concur.

SELBY, J., dissents without separate opinion.