Nancy MILLER, Appellant–Defendant,

v.

Cynthia PARTRIDGE, Appellee–Plaintiff.

No. 49A02–9909–CV–631.

Court of Appeals of Indiana.

Aug. 30, 2000.

---

Sarah L. Nagy, Indianapolis, Indiana, Darrell J. Dolan, Indianapolis, Indiana, Attorneys for Appellants.

Robert G. Barker, J. Chris Reininga, Barker & Reininga, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

MATTINGLY, Judge

Incident to their divorce, James Partridge ("Father") and Marcia Partridge ("Mother") entered into a property settlement agreement. One of the provisions of that agreement was that Father was to keep in force "at all times" a life insurance policy with his daughter, Cynthia Partridge ("Daughter"), as beneficiary. Father died, leaving three insurance policies that named his girlfriend, Nancy Miller ("Miller"), as beneficiary. Miller appeals the trial court's summary judgment and order granting Daughter the proceeds of Father's life insurance policies.

We restate Miller's issues on appeal as:[1]

1) Did the property settlement agreement create third-party beneficiary rights for Daughter?

2) Did Father's obligation to maintain Daughter as beneficiary of the policies extend beyond Daughter's emancipation?

Additionally, Daughter appeals the trial court's grant of Miller's Motion to Correct Error that reduced Daughter's award to $50,000 of the proceeds rather than the entire $62,500.

We affirm.[2]

### FACTS & PROCEDURAL HISTORY

Father and Mother were married in March 1958 and Daughter, their only child, was born eight years later on March 12, 1966. On April 6, 1981, when Daughter was fifteen years old, Father and Mother divorced. Seventeen years later, on June 20, 1998, Father died intestate leaving Daughter as his sole heir. At issue in this appeal are the proceeds of Father's three life insurance policies.

Prior to their divorce, Father and Mother entered into a property settlement agreement that was subsequently incorporated into the dissolution decree. Paragraph 13 of the settlement agreement provides, "Husband agrees to have in full force at all times a life insurance policy insuring his life in an amount equal [to] or greater than Fifty Thousand Dollars ($50,000) with [Daughter] as beneficiary." (Supp. R. at 32.) This paragraph is at the heart of this dispute.

During the marriage, Father had purchased three life insurance policies from the Mutual Life Insurance Company of New York ("MONY") naming Mother as the beneficiary. The total benefit available under the policies at the time of both the settlement agreement and the divorce was $50,000, but by the time of Father's death, the benefits had increased to $62,500. These three policies were the only life insurance policies Father ever owned.

On June 29, 1997, Father wrote MONY regarding his desire to change the beneficiary under the policies from Daughter to Miller. At that time, Mother was still the beneficiary of the policies, as Father had

1. The trial court entered two judgments. One essentially found Daughter to be a third party beneficiary of the property settlement agreement. The second imposed a constructive trust on the policy proceeds. Since we find the third-party-beneficiary issues wholly dis-

positive, we do not address Miller's arguments with respect to the constructive trust judgment.

2. Oral argument was held on July 13, 2000 in Indianapolis, Indiana.

never designated Daughter as beneficiary. Father named Miller as beneficiary effective August 5, 1997. Miller was still the named beneficiary at the time of Father's death.

### STANDARD OF REVIEW

When reviewing an entry of summary judgment we follow the same standards as the trial court. *Butler v. City of Indianapolis*, 668 N.E.2d 1227, 1228 (Ind. 1996). Summary judgment is appropriate if the pleadings and evidence show both the absence of a genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Id.* As a reviewing court, we are not bound by the trial court's specific findings of fact and conclusions of law. The entry of specific facts and conclusions in a summary judgment order aids our review by providing us with a statement of reasons for the trial court's decision, but has no other effect. *P.M.S., Inc. v. Jakubowski*, 585 N.E.2d 1380, 1381 (Ind.Ct.App.1992). If the trial court's entry of summary judgment can be sustained on any theory or basis in the record, we must affirm. *Shand Mining, Inc. v. Clay County Bd. of Comm'rs*, 671 N.E.2d 477, 480 (Ind.Ct.App.1996).

### DISCUSSION & DECISION

1. *Third–Party Beneficiary Contract*

Miller contends that Daughter's rights to the proceeds of the policies never vested because she was never a named beneficiary of the policies. We disagree, since under a third-party beneficiary contract theory, whether Daughter was actually named a beneficiary under the policy does not affect her rights, which in this case stem from the instrument created to benefit her as a third-party—the settlement agreement.

Property settlement agreements crafted upon dissolution of marriage are contractual in nature and binding. *Kiltz v. Kiltz*, 708 N.E.2d 600, 602 (Ind.Ct.App. 1999), *transfer denied*, 726 N.E.2d 302 (Ind.1999). "Parties are free to divide their property in any way they choose and

their agreement in that regard is interpreted as any other contract." *Id.* General rules of contract construction and interpretation govern marriage property settlement agreements like the one before us.

Daughter has an enforceable contractual right to the proceeds of Father's insurance policies. Generally, only a party to a contract or one in privity with a party to a contract has rights under that contract. *Gonzales v. Kil Nam Chun*, 465 N.E.2d 727, 729 (Ind.Ct.App.1984). However, one not a party to the contract may directly enforce the contract as a third party beneficiary if: "(1) the parties intend to benefit a third party; (2) the contract imposes a duty on one of the parties in favor of the third party; and (3) the performance of the terms of the contract renders a direct benefit to the third party." *Kiltz*, 708 N.E.2d at 602.

The language of paragraph 13 of the settlement agreement suffices to give Daughter third-party contractual rights. First, Father's intent to benefit Daughter is manifest, as he agreed to maintain Daughter as his life insurance beneficiary. Second, the agreement imposed a duty on Father to maintain life insurance with Daughter as beneficiary "at all times." Third, performance of Father's duty was certainly to benefit Daughter directly. As a third-party beneficiary, Daughter is entitled to enforce the terms of the agreement clearly designed to benefit her.

Judicially altering the beneficiary of the policies from Miller to Daughter is an appropriate remedy in this situation. In *Kiltz*, a case quite similar to the one before us, we upheld a trial court award that allowed third-party beneficiary children to recover directly from their father's estate when the father failed to establish the children as beneficiaries of a life insurance policy he was required to maintain as part of a negotiated property settlement. Similarly, in *Meece v. Meece*, 495 N.E.2d 827 (Ind.Ct.App.1986), a father had agreed as part of a negotiated property settlement to

designate his two children as beneficiaries of his life insurance policy. After remarrying, the father changed the beneficiary from his two children to his new wife. Upon review, we upheld the trial court's determination that the children had third-party beneficiary rights and its judicial alteration of beneficiary.

### 2. Emancipation of Daughter

■ Miller argues that Father's duty to maintain Daughter as his life insurance beneficiary was a provision for child support that terminated upon Daughter reaching her majority. Pursuant to cases such as *Bainter v. Bainter*, 590 N.E.2d 1134, 1137 (Ind.Ct.App.1992) (citing Ind.Code § 31-1-11.5-1), the trial court is prohibited from distributing marital property to the children, and is able to create such an obligation only as a form of child support. While this is true, Daughter correctly points out that in this case the court did not *order* Father to designate his daughter as beneficiary, but rather it was *agreed* upon as part of the negotiated settlement agreement. This is not a trivial distinction.

■ When the court orders, as part of a divorce decree, that a parent is to designate a child as beneficiary of a life insurance policy, the court is making an order of child support by protecting the support in the event of the supporting parent's death. *Capehart v. Capehart*, 705 N.E.2d 533 (Ind.Ct.App.1999), *transfer denied*, 726 N.E.2d 302 (Ind.1999). However,

> [w]hen the parties craft property settlement agreements, they are free to include provisions that a trial court cannot otherwise include in its marital division. *Kizziah v. Kizziah*, 651 N.E.2d 297, 298 (Ind.Ct.App.1995). An insurance obligation benefiting children in a property settlement agreement is valid and enforceable. *Meece v. Meece*, 495 N.E.2d 827, 827-28 (Ind.Ct.App.1986).

*Kiltz*, 708 N.E.2d at 603. We find no reason to treat the insurance obligation benefiting Daughter differently from any other marital asset.

Because the provision is considered to be a contract rather than child support, whether Daughter was emancipated when Father died becomes relevant only if made relevant in the contract. Here it was not. Under the terms of the agreement, Father was to have the life insurance policy in "full force at all times." (Supp. R. at 32.) Daughter's majority, therefore, does not affect her ability to enforce as a third-party the agreement negotiated by her parents for her benefit.

We are aware provisions in negotiated property settlement agreements creating an obligation on a parent to maintain life insurance for the benefit of a child are common. We are also aware sometimes the intent of these provisions is to protect child support in the event the support-paying parent dies. As property settlement agreements are contractual in nature, it is important that parties understand the necessity of clearly identifying the intent of such provisions. Courts will not speculate as to intent and will not look beyond the four corners of the document. In this case, it was clear the parties intended that Daughter's benefit extend beyond emancipation as the obligation on Father was "at all times."

### 3. Motion to Correct Error Reducing Daughter's Award

■ After the trial court awarded the entire $62,500 of insurance proceeds to Daughter, Miller filed a motion to correct error. The trial court granted Miller's motion, and reduced the award from $62,500 to $50,000.

Daughter argues she is entitled to the full $62,500, as the settlement agreement specifically envisioned either an increase in the value of the insurance proceeds or the purchase of additional life insurance. We disagree. The language of the settlement agreement states that Father shall have in force life insurance "in an amount *equal or greater* than Fifty Thousand Dollars ($50,-

000)." (Supp. R. at 32) (emphasis added). The use of the disjunctive conjunction indicates that $50,000 was just the minimum. As the trial court awarded what the settlement agreement required as a minimum, it was not error.

### CONCLUSION

The trial court properly found Daughter was a third-party beneficiary of the property settlement agreement between Father and Mother, and that those contractual rights were not lost when Daughter reached her majority. Further, the trial court did not err in finding that Daughter was entitled only to $50,000 of the policy proceeds.

Affirmed.

DARDEN, J., and BROOK, J., concur.