Paul RODRIGUEZ and Jolene
Rodriguez, Appellants–
Defendants,

v.

Margie RODRIGUEZ, Appellee–
Plaintiff.

No. 45A03–0406–CV–258.

Court of Appeals of Indiana.

Dec. 9, 2004.

Eugene M. Feingold, Steven P. Kennedy, Munster, IN, Attorneys for Appellants.

Stanley Jablonski, Merrillville, IN, Attorney for Appellee.

## OPINION

RATLIFF, Senior Judge.

### STATEMENT OF THE CASE

Defendants–Appellants Paul ("Paul") and Jolene ("Jolene") Rodriguez appeal from the trial court's order granting summary judgment in favor of Plaintiff–Appellee Margie Rodriguez ("Wife").

We affirm.

### ISSUE

The following issue is presented in this appeal:

I. Whether the trial court erred by holding that the premature change in beneficiary of a life insurance policy required by a marital settlement agreement was voidable and not void.

### FACTS AND PROCEDURAL HISTORY

John Rodriguez ("the Husband") and Arlene Rodriguez ("the Ex–Wife") were married and had two children born of that marriage, Paul and Jolene. On or about December 4, 1990, the Husband and the Ex–Wife were divorced in Illinois. The divorce decree incorporated a marital settlement agreement. The settlement agreement included the following provisions relevant to this appeal:

1. Husband shall maintain, in full force and effect, a policy of insurance on his life with a death benefit of $100,000.00 for the benefit of the parties naming Arlene Marie Rodriguez as Trustee for the children as beneficiary.

2. Husband's obligation to provide said life insurance terminates with the parties' child, Jolene Janelle Rodriguez, attaining her 23rd birthday, except that if the children do not attend college or vocational and/or trade school, then said coverage will terminate with Jolene reaching her 18th birthday or graduation from high school whichever event occurs last.

Appellant's App. p. 46.

After the divorce, Husband married Wife and lived in Indiana. Jolene did attend college after high school.[1] On March 21, 2000, one year prior to Jolene's

---

1. According to Jolene's answers to interrogatories, which were designated to the trial court in a motion for summary judgment, Jolene did attend college after high school, but quit in January of 2000. She resumed her college education in September of 2003 after Husband's death.

23rd birthday, Husband executed a change of beneficiary to the life insurance policy, naming Wife as the sole beneficiary. American Life Insurance Company ("American Life") endorsed the change of beneficiary to the policy and no further action was taken with regard to the policy. Husband died on February 24, 2003. At the time of Husband's death, Paul was twenty-nine years old, and Jolene had just turned twenty-five years old.

On September 12, 2003, Wife filed the present action against American Life, Paul, and Jolene, claiming that she was the valid beneficiary of the policy. Paul and Jolene filed a counter-claim alleging that the change of beneficiary made by Husband was invalid and that they were the lawful beneficiaries of the policy. American Life filed an answer and deposited the proceeds of the insurance policy with the clerk of the court. American Life was then dismissed from the case.

The matter was presented to the trial court on cross-motions for summary judgment and oral argument was heard on April 20, 2004. On April 30, 2004 the trial court entered summary judgment in favor of Wife. This appeal ensued.

## DISCUSSION AND DECISION

### STANDARD OF REVIEW

■ Summary judgment is appropriate only when the evidentiary matter designated by the parties shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Aide v. Chrysler Financial Corp.*, 699 N.E.2d 1177, 1180 (Ind.Ct.App.1998), *trans. denied.* Where material facts conflict, or undisputed facts lead to conflicting material inferences, summary judgment is inappropriate. *Butler v. City of Indianapolis*, 668 N.E.2d 1227, 1228 (Ind.1996).

■ On appeal, the trial court's order granting or denying a motion for summary judgment is cloaked with the presumption of validity. *See Indiana Bd. Of Public Welfare v. Tioga Pines*, 622 N.E.2d 935, 939–940 (Ind.1993), *cert. denied*, 510 U.S. 1195, 114 S.Ct. 1302, 127 L.Ed.2d 654 (1994). The party appealing from an order granting a motion for summary judgment has the burden of persuading the appellate tribunal that the decision to issue the order granting summary judgment was erroneous. *See Department of Revenue v. Caylor–Nickel Clinic*, 587 N.E.2d 1311, 1313 (Ind.1992). On review, we face the same issues that were before the trial court and follow the same process. *Id.* All properly asserted facts and reasonable inferences should be resolved against the movant. *Belford v. McHale, Cook & Welch*, 648 N.E.2d 1241, 1244 (Ind.Ct.App. 1995), *trans. denied.*

■ We are not bound by any findings or conclusions entered by a trial court on a motion for summary judgment. *See Ward v. First Indiana Plaza Joint Venture*, 725 N.E.2d 134, 136 (Ind.Ct.App. 2000). The trial court's entry of specific facts and conclusions in the summary judgment order aids our review by providing this court with a statement of the reasons for the trial court's decision, but has no other effect. *Miller v. Partridge*, 734 N.E.2d 1061, 1064 (Ind.Ct.App.2000). Our decision must be based on the materials properly presented to the trial court. *Ward*, 725 N.E.2d at 136. Accordingly, an order granting a motion for summary judgment will be sustained on any theory or basis found in the record. *Id.*

### CHANGE OF BENEFICIARY VOIDABLE?

■ In the present case, Husband and Ex–Wife entered into a marital settlement agreement. The marital settlement

agreement, which was incorporated into the dissolution decree by the trial court, is considered to be a contract. *Miller,* 734 N.E.2d at 1065. Property settlement agreements crafted upon dissolution of marriage are contractual in nature and binding. *Id.* An insurance obligation benefiting children in a property settlement agreement is valid and enforceable. *Id.* General rules of contract construction and interpretation govern marriage property settlement agreements. *Id.*

Paul and Jolene argue that a choice of law determination is necessary since the dissolution decree and marital settlement agreement between Husband and Ex–Wife were entered in Illinois, and the present action has been brought in Indiana. This argument dovetails into their claim that Husband's premature change of beneficiary was void. Both Indiana and Illinois law provide that an insured's right to designate a new beneficiary can be precluded by the existence of the assignment of the policy such as that included in a property settlement agreement. *See Travelers Ins. Co. v. Daniels,* 667 F.2d 572, 573 (1981); *Meece v. Meece,* 495 N.E.2d 827, 828 (Ind.Ct.App.1986). Where Indiana and Illinois law is the same, the trial court should apply the law of the forum. *See Lutz v. DeMars,* 559 N.E.2d 1194, 1196 n. 1 (Ind.Ct.App.1990), *trans. denied.* Paul and Jolene posit that because the change of beneficiary was precluded by the marital settlement agreement, Husband's premature attempt to designate a new beneficiary was void.

Wife does not directly respond to the choice of law argument. Instead, Wife cites to Indiana cases resolving other contractual disputes to support her argument that Husband's change in beneficiary was voidable. Wife argues that since marital settlement agreements are contracts, and contracts can be modified by the parties at any time, Husband's new beneficiary designation was voidable. *See e.g., Sequa Coatings Corp. v. Northern Indiana Commuter Transp. Dist.,* 796 N.E.2d 1216, 1222 (Ind.Ct.App.2003).

The distinction between the terms void and voidable has been described in several cases more recently as follows in *Harris v. Harris,* 800 N.E.2d 930, 935 (Ind.Ct.App. 2003).

> Void in the strict sense means that an instrument of transaction is nugatory and ineffectual so that nothing can cure it; voidable exists when an imperfection or defect can be cured by the act or confirmation of him who could take advantage of it. "Void" therefore may only be properly used when the action or subject matter it describes is of no effect whatsoever, and is incapable of confirmation or ratification. "Voidable," on the other hand, describes an action or subject matter which nonetheless operates to accomplish the thing sought to be accomplished, until the fatal flaw is judicially ascertained and declared.

(Internal citations omitted.)

In *Meece,* the insured agreed to designate his two children as beneficiaries to an insurance policy on the insured's life as part of the negotiated property settlement agreement in his divorce. Relying on policy language which reserved to him this right, the insured later substituted his second wife as the beneficiary of that policy. The children learned about the substitution at the time of the insured's death and challenged the substitution. Although the specific language of the property settlement agreement is not included in the opinion, one could assume that there was no language terminating the insured's duty to designate his two children as beneficiaries to the insurance policy. A panel of this court held that the children had a vested interest in the policy which could

not be divested without their knowledge and consent. 495 N.E.2d at 828. The insured's substitution was void.

In *Kiltz v. Kiltz*, 708 N.E.2d 600 (Ind.Ct. App.1999), the insured entered into a property settlement agreement as part of his divorce proceedings and agreed to name his children as beneficiaries of a $100,000.00 insurance policy on his life. The children filed a claim against the insured's estate when they discovered that no such insurance policy existed at the time of the insured's death. A panel of this court held that the children had a valid and enforceable claim against the insured's estate because that provision of the property settlement agreement did not state that the insured's obligation would terminate once the children reached the age of majority. 708 N.E.2d at 603.

In *Miller*, an insured agreed to name his daughter as the beneficiary of an insurance policy on the insured's life as a provision of his property settlement agreement. The property settlement agreement explicitly stated that the insured was to maintain the insurance policy "at all times." The insured subsequently named his girlfriend as beneficiary of his insurance policies, and the girlfriend was the named beneficiary at the time of the insured's death. The daughter sought to recover the proceeds of the insured's life insurance policies. A panel of this court upheld the trial court's order granting the daughter the proceeds from the insured's life insurance policy. We looked at the language of the property settlement agreement, and found that the insured was obligated to maintain the policy with the daughter as beneficiary beyond her emancipation because it included the language "at all times." 734 N.E.2d at 1065.

In the present case, we find that the trial court correctly determined that the Husband's premature change of bene-

ficiary was voidable. While it is true that under the law of the forum and under Illinois law, the property settlement agreement language restricting or, in some cases, eliminating, an insured's right to substitute a beneficiary trumps the insured's right to substitute a beneficiary derived from the insurance contract, it is the language of the property settlement agreement itself that renders an attempted substitution of beneficiary void or voidable. In *Meece, Kiltz*, and *Miller*, there either was express language, "at all times," rendering an attempted change of beneficiary void, or there was no mention of a termination of the obligation, rendering an attempted change of beneficiary void.

Here, the express language of the marital settlement agreement provided for alternative events that triggered the termination of the Husband's obligation, thereby removing the restriction on his right to substitute a beneficiary. Those events were Jolene's 18th birthday, if she chose not to pursue post-secondary education, or her 23rd birthday if she did choose to pursue post-secondary education. Therefore, while the Husband's attempted substitution of beneficiary was premature, it was not invalid. In other words, his efforts were voidable.

In support of our position is *Monreal v. Monreal*, 422 Mich. 704, 375 N.W.2d 329 (1985), wherein a divorce decree provided that the father was to supply support for each of his minor children until each reached the age of majority. The support was secured by the father's designation of the minor children as irrevocable beneficiaries of his life insurance policy until his support obligation had been completed. Father initially complied with the court order, but subsequently named his second wife as the beneficiary of the life insurance policy in question. At the time of his death, the second wife remained the

named beneficiary of the policy, and one of his five children was still a minor. The probate court found that the life insurance proceeds should be used for the minor child's support until he reached majority, and then should be divided equally among the five children. On appeal, the court of appeals held that the proceeds should be used for the minor child's support until he reached majority, but that the proceeds should then pass to father's estate. The children appealed and the supreme court held that the father had no authority to remove the children as beneficiaries from the policy before they reached age eighteen. 375 N.W.2d at 332. However, the change of beneficiaries was effective, except as to the support of the minor child. *Id.*

More closely supportive of our position is *Whitten v. Whitten*, 592 So.2d 183 (Ala. 1991), wherein father was required by the terms of the divorce decree to keep in effect a life insurance policy with the parties' minor son as the irrevocable beneficiary of the insurance. Initially, father complied with the terms of the decree, which was obtained by default. Some time later, father amended his policy to designate his brother, sister, and sister-in-law as beneficiaries of the life insurance policy. A little over a month later the parties' minor son reached the age of majority. Several months later the father died. Among other arguments, the son claimed that because the change of beneficiaries was in violation of the court order in the divorce, by predating the son's emancipation, that the change in the policy was a nullity. The supreme court held that the trial court's equitable jurisdiction over the proceeds of the policy terminated when the son reached the age of eighteen. 592 So.2d at 186. The father then was free to designate any beneficiary of his choosing. The court went on to state that under equitable principles a different result

should not obtain because the change of beneficiaries was premature. *Id.* Therefore, the brother, sister, and sister-in-law were entitled to the proceeds of the policy.

The present case is similar to *Monreal* and *Whitten* in that the obligation to name the children as beneficiaries was to end upon a certain event, after which the insured resumed control over the designation of the beneficiary as provided in the life insurance contract. Because Husband could have named Wife his beneficiary after Jolene reached the age of twenty-three, his premature change of beneficiary was voidable, and not void. The trial court correctly found that the change of beneficiary was voidable and that Wife was entitled to the life insurance proceeds.

### CONCLUSION

The trial court correctly determined that the premature change of beneficiary was voidable and not void. The decree, which incorporated the terms of the parties' settlement agreement, contained a provision for the termination of Husband's obligation to name Paul and Jolene as beneficiaries of the life insurance policy.

Affirmed.

MAY, J., and VAIDIK, J., concur.