# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 06 2018, 8:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Derick W. Steele | Alan D. Wilson |
| Kokomo, Indiana | Kokomo, Indiana |

## IN THE
# COURT OF APPEALS OF INDIANA

J.L.S.,

*Appellant-Respondent,*

v.

E.K.S.,

*Appellee-Petitioner.*

February 6, 2018

Court of Appeals Case No. 34A02-1709-DR-2093

Appeal from the Howard Superior Court

The Honorable William C. Menges, Jr., Judge

Trial Court Cause No. 34D01-0806-DR-12

**Bailey, Judge.**

# Case Summary

J.S. ("Father") appeals the denial of his petition to modify his obligation for the payment of post-secondary educational expenses for C.S., the youngest child of Father's marriage to E.S. ("Mother"). We affirm.

# Issues

Father presents two issues for review:

    I.      Whether the parties' dissolution agreement, adopted and incorporated in the dissolution decree, excludes rent from the scope of educational expenses; and

    II.    Whether the trial court abused its discretion in failing to find a substantial and continuing change of circumstances to support modification of Father's obligation.

# Facts and Procedural History

The parties were married on March 26, 1988, and divorced on June 20, 2008. At the time of the dissolution, they had two unemancipated children.

Mother and Father worked opposite shifts and had roughly equal incomes. They agreed that parenting time would be split equally; under those circumstances, the Indiana Child Support Guidelines ("Guidelines") would have resulted in Father having a payment obligation of $29.78 weekly. However, Mother and Father agreed that Father would not be obligated to pay

Mother this sum. Their agreement, adopted by the dissolution court, provided in relevant part:

> Husband shall have no duty to pay support for the following reasons:
>
> a) Husband agrees to maintain healthcare insurance on his children;
>
> b) Husband agrees to be responsible for all non-covered healthcare costs for the children;
>
> c) Husband agrees to be responsible for all educational costs for the children including both secondary and post-secondary education;
>
> d) Husband agrees to be solely responsible for all costs associated with the children including but not limited to their clothing and sport activities.

(App. Vol. II, pg. 41.)

[5] The eldest child, S.S., attended a community college and Father paid for tuition, books, and fees. He did not pay rent, room, or board for S.S. Several years later, C.S. enrolled in college classes locally and lived at Mother's residence. Again, Father paid tuition, books, and fees, but did not pay rent, room, or board for C.S.

[6] After completing a few semesters of college, C.S. decided to enroll in Indiana University - Bloomington. C.S. decided to share an apartment with another

student; C.S.'s monthly rent was $629.00. Mother, by letter, informed Father that he was obligated to pay $24,808.00, including C.S.'s tuition and rent.

[7] On May 22, 2017, Father filed a "Request for Instructions/Petition to Modify Post-Secondary Educational Expenses." (App. Vol. II, pg. 51.) In his petition, Father averred that he had understood the agreement for educational expenses to exclude living expenses. The trial court conducted a hearing on August 7, 2017.

[8] At the hearing, C.S., Mother, and Father testified. Father requested a determination that he did not owe any rent under the terms of the agreement, or alternatively, Father sought modification to provide for apportionment of costs between himself, Mother, and C.S. Mother opposed apportionment, contending that Father had agreed to pay all education-related expenses and had benefitted from not paying child support to Mother. C.S. testified and acknowledged that he had changed his major course of study four times and had made unilateral decisions affecting costs. C.S. explained that, under those circumstances, he did not wish to unduly burden his parents and was willing and able to contribute to his own education. C.S. testified that he had saved $4,000.00 from his past wages; he had obtained a student loan for $4,000.00 or $5,000.00; and he intended to work in the future.

When the presentation of evidence was concluded, the trial court orally denied Father's motion for modification.[1] Father now appeals.

# Discussion and Decision

## Agreement on Educational Expenses

Father asserts that "educational expenses" as used in the agreement was ambiguous, the payment of room and board was not contemplated by the parties, and "the trial court erred in interpreting educational expenses" to include C.S.'s rent. Appellant's Brief at 7. Mother responds that the parties freely entered into a contract with broad language providing that Father pay "all" educational expenses and that their settlement is "binding and conclusive." Appellee's Brief at 15.

Parties to a dissolution are free to enter into contracts and matters of contract interpretation present questions of law to be reviewed de novo. *Pohl v. Pohl*, 15 N.E.3d 1006, 1009 (Ind. 2014). Terms will be given their plain and ordinary meaning, unless the terms are ambiguous. *Id.* "[I]f there is an ambiguity, we may consider extrinsic (parol) evidence to resolve it, with the aim of carrying out the parties' likely intent." *Id.* Here, we are presented not with an ambiguity but with broadly inclusive language, that is, the use of the word "all" pertaining

---

[1] The trial court indicated that, in the future, the court might entertain Father's request that an educational expenses order be capped at eight semesters. We have previously observed, "an educational support order cannot be imposed for an unlimited period of time." *Bean v. Bean*, 902 N.E.2d 256, 263 (Ind. Ct. App. 2009).

to educational expenses. Thus, the salient question is whether rent is an educational expense.

[12] We agree with Mother's assertion that educational costs may include room, board, or rent. Although Guideline 8, pertaining to extraordinary educational expenses, does not mandate the payment of room, board, or rent for a post-secondary student, the accompanying Commentary contemplates inclusion in some circumstances ("Room and board may be included when the child does not reside with either parent.") Too, decisions of this Court have recognized that living expenses may be a component of educational expenses. *See Carson v. Carson*, 875 N.E.2d 484, 486 (Ind. Ct. App. 2007) (rejecting a parent's argument that "housing may not be considered an educational expense"); *Howe v. Voninski*, 698 N.E.2d 380, 381 (Ind. Ct. App. 1998) ("[child] attends a university which is beyond the distance of a reasonable commute and therefore her room and board constitute educational needs."). C.S. is enrolled in college and not residing with a parent; he thus incurs rental expenses related to his education. The trial court properly interpreted the agreement to pay "all" educational expenses as inclusive of rent.

[13] That said, the agreement is not "binding and conclusive," as Mother suggests, in the sense that modification is prohibited. Property settlement agreements "crafted upon dissolution of marriage" are contractual in nature and binding. *Rodriquez v. Rodriquez*, 818 N.E.2d 993, 996 (Ind. Ct. App. 2004). However, provisions for the payment of educational expenses are modifiable "because educational expenses are in the nature of child support." *Schacht v. Schacht*, 892

N.E.2d 1271, 1275 (Ind. Ct. App. 2008). We thus turn to the issue of whether modification was warranted here.

## Petition for Modification of Educational Expenses Order

[14] Father asserts that the trial court was obliged to consider all relevant evidence of changed circumstances but failed to document its consideration with adequate findings to permit meaningful appellate review. Mother responds that the trial court was not fashioning a new order, in which apportionment of expenses would be supported by the Guidelines and a Guideline-based worksheet; rather, the trial court declined to modify an existing agreement because Father failed to satisfy his burden of proof.

[15] A modification of an educational expenses order is governed by Indiana Code Section 31-16-8-1, which provides that a child support order may be modified or revoked upon a showing of changed circumstances so substantial and continuing as to make the terms of the order unreasonable. *Himes v. Himes*, 57 N.E.3d 820, 828 (Ind. Ct. App. 2016). When ruling upon a petition to modify a support order, the trial court must consider the totality of the circumstances involved in order to ascertain whether modification is warranted. *Id.* The party seeking modification bears the burden of proof. *Id.*

[16] We review the trial court's order for an abuse of discretion, granting latitude and deference to trial courts in family law matters. *Id.* We neither reweigh the evidence nor assess witness credibility; we consider only the evidence most favorable to the judgment and the inferences to be drawn therefrom. *Id.*

[17] Here, Father bore the burden of showing changed circumstances so substantial and continuing as to make the terms of the existing order unreasonable. He and Mother each explained his or her understanding of the agreement and testified regarding the historical payments (which had not included rent for the eldest child). Father testified that his income was in the range of $116,000.00 to $120,000.00; Mother testified that she made $86,000.00 annually. C.S. testified that he had independently made certain education-related decisions, he had financial resources available to him, and – to alleviate some of the parental burden – he was willing to contribute some of his financial resources toward his own education.

[18] The chronological case summary indicates that the denial order was entered without written findings; however, the trial court orally provided some commentary of reasons for the denial. In relevant part, the trial court stated, "I don't think there's anything that rises to the level of a material change in circumstances" and "very clearly, [Father] is responsible under the terms of the original agreement to pay for tuition, books, lab fees, supplies, activity fees and room and board." (Tr. at 44-45.) The trial court observed that the parties' relative financial positions had not changed significantly since the agreement was executed, noting that Father's income had decreased slightly while Mother's income had increased slightly. Our review of the evidence leads us to conclude that the trial court did not abuse its discretion.

[19] We, like the trial court, find C.S.'s willingness to contribute to his own educational expenses commendable. Indeed, when the trial court is called upon

to award educational expenses, an apportionment of expenses should involve "weighing the ability of the student to pay a portion of the expenses." Guideline 8, Cmt. b. Here, however, the educational expenses were the subject of a parental agreement to which C.S. is not a party. C.S. was not obligated by the court order adopting that agreement. That said, nothing prevents C.S. from using his income or loans to satisfy an obligation that would otherwise fall upon Father. Nor is C.S. prevented from reimbursing Father for rent in the future. His willingness to contribute does not constitute changed circumstances making the order entered upon the parental agreement unreasonable.

# Conclusion

[20] Under the parties' agreement, adopted by the dissolution court, rent is includable as an educational expense. Father did not establish changed circumstances so substantial as to make the existing order unreasonable.

[21] Affirmed.

Kirsch, J., and Pyle, J., concur.