MASSUCHUSETTS INDEMNITY AND LIFE INSURANCE
COMPANY v THOMAS

Docket No. 148144. Submitted December 9, 1993, at Lansing. Decided
July 18, 1994, at 9:25 A.M. Leave to appeal sought.

Massachusetts Indemnity and Life Insurance Company brought
an interpleader action in the Saginaw Circuit Court naming as
defendants Dorothy M. Thomas, Regina Bush, the estate of
Willie B. Bush, deceased, and others, and seeking a determina-
tion regarding who was entitled to the proceeds of a life
insurance policy insuring Willie. While Willie and Dorothy
were married, she purchased life insurance on herself that
included a spouse rider on Willie's life, which named her as the
beneficiary. When Willie and Dorothy later divorced, the insur-
ance waiver provision in the judgment stated that both waived
any interest they may have had as beneficiary or otherwise in
and to the proceeds of any policies of life insurance insuring
the life of the opposite party. Regina was Willie's wife at the
time of his death. The court, William A. Crane, J., granted
summary disposition for Dorothy, ruling that the insurance
waiver provision was inapplicable because Willie had no inter-
est in the policy because he did not own it, i.e., it was Dorothy's
policy. Regina appealed.

The Court of Appeals *held:*

The stipulation and property settlement agreement in the
judgment of divorce that contained the insurance waiver provi-
sion is a contract, and the language is clear and unequivocal.
The trial court erred as a matter of law in awarding the
insurance proceeds to Dorothy. The insurance waiver provision
satisfied the statutory requirements of MCL 552.101(2); MSA
25.131(2) by determining Dorothy's rights to the proceeds of the
policy insuring Willie's life by expressly waiving any such
rights.

Reversed and remanded.

REFERENCES

Am Jur 2d, Contracts §§ 2, 337, 339.

Property settlement agreement as affecting divorced spouse's right
to recover as named beneficiary under former spouse's life insur-
ance policy. 31 ALR4th 59.

1. JUDGMENTS — DIVORCE — SETTLEMENT AGREEMENTS — CONTRACTS.
   Judgments entered pursuant to the agreement of the parties, such as a settlement agreement in a judgment of divorce, are of the nature of a contract and are to be construed and applied as such; absent a showing of factors such as fraud or duress, courts act properly when they enforce such agreements.

2. CONTRACTS — INTERPRETATION OF CONTRACTS.
   The interpretation of unambiguous and unequivocal contracts is a question of law.

*W. Kenneth Wright*, for Dorothy M. Thomas.

*Richard F. McNally, Jr.,* for Regina Bush.

Before: TAYLOR, P.J., and REILLY and M. J. TALBOT,* JJ.

TAYLOR, P.J. Defendant-appellant Regina Bush appeals as of right the circuit court order granting summary disposition to defendant-appellee Dorothy Thomas. The order also awarded to Dorothy the proceeds of a life insurance policy on her former husband, Willie Bush. On appeal, Regina, who was Willie's wife at the time of his death, argues that the proceeds belong to Willie's estate because of a provision in the judgment of divorce between Dorothy and Willie in which both parties waived all rights to the proceeds of any life insurance policies insuring the life of the other party. Alternatively, Regina argues that Dorothy's claim to the proceeds is invalid pursuant to MCL 552.101; MSA 25.131. We reverse.

In 1986, when Willie and Dorothy were husband and wife, Dorothy purchased life insurance on herself, naming Willie as the primary beneficiary and their four children as contingent beneficiaries. The policy also included a spouse rider in the amount of $50,000 on Willie's life, with Dorothy as the beneficiary.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

In June 1988, Dorothy and Willie were divorced. Included in the judgment of divorce was a stipulation and property settlement containing a provision, entitled "Insurance Waiver," which stated "that each of the parties shall waive any interest he or she may have as beneficiary or otherwise in and to the proceeds of any policies of life insurance . . . standing in the name of or insuring the life of the opposite party, said interest being hereby terminated with the entry of this Judgment of Divorce." The effect of this provision is at issue here.

In February 1990, Willie married Regina. In July 1991, Willie died and, the following month, Dorothy submitted a claim to the insurance company requesting payment to her of the proceeds of the $50,000 spouse rider on Willie's life. The insurance company filed an interpleader action naming Dorothy, Regina, Willie's estate, and the four adult children of Dorothy and Willie as defendants. The court allowed the company to pay the $50,000 proceeds plus a premium refund of $44.13 into the court and dismissed the company from the action.

Subsequently, Regina moved for summary disposition, arguing that either she or Willie's estate was entitled to the insurance proceeds because Dorothy had waived any interest in those proceeds by agreeing to the judgment of divorce. At the motion hearing, Dorothy argued that she, not Willie, owned the insurance policy at issue and that she had paid all of the premiums on the policy. Furthermore, Dorothy argued, the judgment of divorce did not address the type of policy at issue here.

Ruling from the bench, the trial court granted summary disposition to Dorothy pursuant to MCR 2.116(I)(2) (opposing party is entitled to judgment). The court ruled that the insurance waiver provi-

sion was inapplicable because Willie had no interest in the policy because he did not own it, i.e., it was Dorothy's policy. The court also ruled that MCL 552.101; MSA 25.131 was inapplicable because it was "designed to avoid inadvertent bequests to divorced spouses."

Judgments entered pursuant to the agreement of the parties are of the nature of a contract, rather than a judicial order entered against one party. *Draughn v Hill,* 30 Mich App 548, 553-554; 186 NW2d 855 (1971). Furthermore, a settlement agreement, which is what the stipulation and property settlement is, is a contract and is to be construed and applied as such. *Bd of Co Road Comm'rs for the Co of Eaton v Schultz,* 205 Mich App 371; — NW2d — (1994). Absent a showing of factors such as fraud or duress, courts act properly when they enforce such agreements. *Balabuch v Balabuch,* 199 Mich App 661, 662; 502 NW2d 381 (1993). Interpretation of unambiguous and unequivocal contracts is a question of law. *In re Loose,* 201 Mich App 361, 366; 505 NW2d 922 (1993).[1]

In the instant case, there is no claim of any factors such as fraud or duress. The insurance waiver provision in the judgment of divorce is unambiguous and unequivocal. It clearly states that both Dorothy and Willie waived "any interest he or she may have as beneficiary or otherwise in and to the proceeds of any policies of life insurance . . . insuring the life of the opposite party." The trial court's apparent agreement with Dorothy's arguments regarding ownership of the policy

---

[1] The stipulation and property settlement was drafted by Dorothy's attorney. Therefore, according to well-settled principles of contract law, any ambiguities in the agreement would be construed against Dorothy. *Brauer v Hobbs,* 151 Mich App 769, 774; 391 NW2d 482 (1986). However, the provision at issue here is unambiguous and unequivocal.

and who paid the premiums was improper in light of this clear contractual language. Accordingly, we hold that the trial court erred as a matter of law in awarding the insurance proceeds to Dorothy.

Although not necessary to our holding, we note briefly that the trial court correctly determined that MCL 552.101; MSA 25.131 is inapplicable to these circumstances. The purpose of that statute is "to affect the interest of the *wife* in the insurance policy and thus cure the situation where a divorced wife could *inadvertently receive* the proceeds of a perhaps forgotten policy." *Starbuck v City Bank & Trust Co,* 384 Mich 295, 299; 181 NW2d 904 (1970). Furthermore, we note that the relevant statutory requirement was satisfied by the judgment of divorce. MCL 552.101(2); MSA 25.131(2) states: "Each judgment of divorce . . . shall determine all rights of the wife in and to the proceeds of any policy or contract of life insurance . . . upon the life of the husband in which the wife was named or designated as beneficiary." Here, the insurance waiver provision of the judgment of divorce determined Dorothy's rights to the proceeds of the policy on Willie's life by expressly waiving any such rights.

Reversed and remanded for determination of the proper disposition of the insurance proceeds. We do not retain jurisdiction.