THOMAS v CITY OF DETROIT RETIREMENT SYSTEM

Docket No. 217729. Submitted December 14, 2000, at Detroit. Decided May 22, 2001, at 9:05 A.M.

Martha Thomas brought an action in the Wayne Circuit Court against the City of Detroit Retirement System, alleging that the retirement system wrongly refused to pay her the benefits accrued in an annuity savings fund in which her former husband, Charles E. Thomas, an employee of the city of Detroit, had participated before his death in 1997. The plaintiff and the decedent were divorced in 1992. The plaintiff was the decedent's designated beneficiary for the fund at the time of their divorce and remained so at the time of his death because the decedent did not change the designation after the divorce. The decedent's estate was allowed to intervene as a defendant in the action. The court, Dalton A. Roberson, J., granted summary disposition in favor of the defendants, finding that the plaintiff was precluded from receiving the proceeds of the fund under a provision of the parties' judgment of divorce entitled "pension" that provided "that each party shall keep and retain, as their exclusive property, free and clear of any claim by the other, any pension benefits to which they are now entitled or may be in the future." The plaintiff appealed.

The Court of Appeals *held*:

The evidence indicates that the annuity fund at issue operated as a type of pension and that the divorce judgment, in referring to a "pension," was intended to encompass the annuity fund. The language in the divorce judgment operated to void the designation listing the plaintiff as the beneficiary. Because the divorce judgment awarded the decedent his pension benefits as his exclusive property, free and clear of any claim by the plaintiff, the plaintiff was not entitled to the proceeds of the fund after his death, even though she remained the named beneficiary of the fund.

Affirmed.

*Pamelia A. Pugh,* for Martha Thomas.

*Ronald Zajac, P.C.* (by *Ronald Zajac*), for the City of Detroit Retirement System.

*Charles L. Smith*, for the Estate of Charles E. Thomas, deceased.

Before: DOCTOROFF, P.J., and CAVANAGH and METER, JJ.

METER, J. Plaintiff appeals as of right from the trial court's grant of summary disposition to defendants under MCR 2.116(I)(2). We affirm.

Charles Edward Thomas, deceased, was a former employee of the city of Detroit who died in 1997. While employed by the city, he participated in an "annuity savings fund" (the fund) under the direction of defendant City of Detroit Retirement System. Plaintiff, the decedent's former wife, whom he divorced in 1992, was the decedent's designated beneficiary for the fund at the time of his death. After the retirement system refused to pay plaintiff the benefits accrued in the fund, she filed suit against the retirement system. The decedent's estate was allowed to intervene in the matter as a defendant. The trial court subsequently granted summary disposition to defendants, finding that plaintiff was precluded from receiving the fund's proceeds under the following provision from the 1992 divorce judgment:

PENSION

IT IS FURTHER ORDERED AND ADJUDGED that each party shall keep and retain, as their exclusive property, free and clear of any claim by the other, any pension benefits to which they are now entitled or may be in the future.[1]

---

[1] At a later hearing, the court stated that the fund at issue was also covered under the following provision of the divorce judgment:

Statutory insurance provision

IT IS FURTHER ORDERED AND ADJUDGED that any rights of either party in any policy or contract of life, endowment or annuity insurance

Plaintiff contends that the fund at issue here was not covered by the divorce judgment as a "pension" and that because she was the named beneficiary of the fund at the time of the decedent's death, she is entitled to the proceeds from the fund. We disagree. We review a trial court's grant of summary disposition de novo. *Spiek v Dep't of Transportation,* 456 Mich 331, 337; 572 NW2d 201 (1998).

Black's Law Dictionary (7th ed), p 1155, defines "pension" as "[a] fixed sum paid regularly to a person (or to the person's beneficiaries), esp. by an employer as a retirement benefit." The same dictionary defines "annuity" as "[a]n obligation to pay a stated sum, [usually] monthly or annually, to a stated recipient." *Id.* at 88. These definitions indicate a substantial similarity between a pension and an annuity fund. Moreover, the dictionary lists "defined-contribution plan" (similar to the annuity fund at issue here) as a type of "pension plan." *Id.* at 1155. Further, the change of beneficiary form in which the decedent designated plaintiff as the beneficiary of the fund stated "I . . . direct . . . the Retirement System . . . to pay the accumulated contributions standing to my credit in event of my death *before my retirement* to [plaintiff]" (emphasis added). This is evidence that the annuity fund at issue here operated as a type of pension.

---

of the other as beneficiary are hereby extinguished, unless specifically preserved by this Judgment.

In light of our disposition of this case, we need not decide whether the fund ultimately fell within this additional provision. However, it appears to us that the fund was not in fact covered by this provision, because this provision dealt solely with insurance. We emphasize that no parties to this appeal argue that this provision was applicable.

In addition, MCL 552.101(4) states in relevant part:

> Each judgment of divorce . . . shall determine all rights of the husband and wife in and to all of the following:
>
> (a) Any pension, annuity, or retirement benefits.
>
> (b) Any accumulated contributions in any pension, annuity, or retirement system.
>
> (c) Any right or contingent right in and to unvested pension, annuity, or retirement benefits.

This language mandates that a divorce judgment address any annuities. In spite of this mandate, the divorce judgment at issue here did not separately address the instant annuity fund but instead stated that "each party shall keep and retain, as their exclusive property, free and clear of any claim by the other, any pension benefits to which they are . . . entitled . . . ." The failure to specifically address annuities (other than annuity insurance, see n 1, *supra*) in the divorce judgment despite the existence of the instant annuity fund is further evidence that the divorce judgment, in referring to a "pension," was intended to encompass the annuity fund at issue. Accordingly, we hold that the trial court did not err in determining that the fund at issue here was covered by the "pension" provision of the divorce judgment.[2]

Plaintiff suggests that even if the fund is considered a "pension" under the divorce judgment, she nonetheless is entitled to the proceeds of the fund under *Daugherty v Wickes Corp*, 9 Mich App 305; 156 NW2d 581 (1967). In *Daugherty*, the decedent's former wife, whom he had divorced, was the named beneficiary of his profit-sharing plan at the time of his death. *Id.* at

---

[2] We emphasize that this particular holding is strictly limited to the facts of this case.

310. The Court held that the profit-sharing plan was covered by a divorce decree stating that neither party "shall hereafter have any right, title or interest to the proceeds of any . . . contract of . . . retirement" held by the other. *Id.* at 310, 312. The Court held that the former wife was nevertheless entitled to the proceeds of the plan because the decree simply vested complete ownership of the plan in the decedent and left him free to dispose of those proceeds in any manner he saw fit. *Id.* at 313. The Court concluded that the decedent was free to leave his former wife as the beneficiary of the plan after the divorce and that she was therefore entitled to the proceeds upon his death. *Id.*

While we agree that *Daugherty* supports plaintiff's argument in the instant case, we are not strictly bound to follow *Daugherty*, a 1967 case, under MCR 7.215(I)(1). We do not believe that *Daugherty* was correctly decided. The *Daugherty* Court stated the following in reaching its decision:

> [Under the divorce decree,] the profit-sharing plan became Emil Hildebrandt's property to do with as he pleased. He could have changed beneficiaries free and clear of any claim by his former spouse. However, the decree left him free to give his profit-sharing benefits to Mary Ann if he so desired. The point is that he took no step to give his profit-sharing benefits to anyone else. We agree that pursuant to the divorce decree, the profit-sharing plan became Hildebrandt's sole property. The issue is what did he do with this property after the divorce.
>
> Notice for a moment the effect of the appellee's . . . argument upon a man who wants his divorced wife to have the benefits of his profit-sharing plan. Should a divorce decree like the one before us have the effect of frustrating such an intention? Of course not. How, then, would he accomplish such an objective after divorce? Should our judge-made law

> require that the divorced man execute a new beneficiary
> provision keeping his former wife as the named benefici-
> ary? One can hardly think of anything more offensive to
> common sense than a requirement that he must execute
> another beneficiary provision in order to retain the same
> beneficiary. [*Daugherty, supra* at 313.]

This reasoning is unpersuasive. We believe that lan-
guage in a divorce decree awarding one party the pro-
ceeds of a fund "free and clear" of any claim by that
party's spouse—such as the language in the instant
divorce judgment—operates to void a designation list-
ing the spouse as the beneficiary. To hold otherwise
would be to contravene the clear language of the
decree and thereby frustrate the expressed intent of
the parties who signed it.

The divorce decree at issue in *Daugherty* stated
that "neither the plaintiff . . . nor the defendant . . .
shall hereafter have any right, title or interest to the
proceeds of any . . . contract of . . . retirement . . .
[held by the other] in which either was heretofore
named or designated as beneficiary . . . ." *Id.* at 310.
Similarly, the divorce judgment at issue in the instant
case stated that "each party shall keep and retain, as
their exclusive property, free and clear of any claim
by the other, any pension benefits to which they are
now entitled or may be in the future." These phrases
clearly divested the surviving, divorced spouse of any
interest in their deceased former spouse's retirement
or pension benefits. Should the parties in a particular
case decide to keep each other as beneficiaries in
spite of their divorce, they need merely specify as
much in the divorce decree. The concerns of the

*Daugherty* Court as expressed in the above excerpt are simply unfounded.[3]

This holding finds support in *Mohamed v Kerr*, 53 F3d 911, 912-913, 915-916 (CA 8, 1995) (divorce decree awarding each party " 'full right, title, interest and equity [in various retirement and insurance policies] free and clear of any claim by the other party' " operated to terminate any beneficiary interests or rights, "notwithstanding that they [were] not expressly mentioned"), and *Clift v Clift*, 210 F3d 268, 272 (CA 5, 2000) (divorce decree stating that the wife was " 'divested of all right, title, interest, and claim in and to' " a life insurance policy prevented her from claiming proceeds after the husband's death, even though she remained the designated beneficiary). As stated in *Clift*, "[h]ad [the wife claiming the benefits] intended to retain her beneficiary interest, she should have demanded that the divorce decree so provide." *Id.* We acknowledge that *Mohamed* and *Clift* do not constitute binding authority on this Court and that other federal cases reach somewhat contradictory conclusions. See, e.g., *Lyman Lumber Co v Hill*, 877 F2d 692, 693-694 (CA 8, 1989). Nonetheless, we view *Mohamed* and *Clift* as persuasive authority for our decision.

Because the divorce decree at issue in this case awarded the decedent his pension benefits "as [his] exclusive property, free and clear of any claim by [plaintiff]," plaintiff was not entitled to the proceeds

---

[3] Indeed, we note that requiring the decedent in this case to have executed .a new beneficiary provision divesting plaintiff of the fund's proceeds, notwithstanding the clear and unequivocal language of the divorce judgment, would be imposing an unnecessary burden.

of the fund after his death, even though she remained the named beneficiary of the fund.

Plaintiff additionally argues that the trial court erred in allowing the estate of Charles Edward Thomas, deceased, to intervene. We decline to review this argument because it is inadequately briefed. See *Palo Group Foster Care, Inc v Dep't of Social Services*, 228 Mich App 140, 152; 577 NW2d 200 (1998).

Affirmed.