# STATE OF MICHIGAN

# COURT OF APPEALS

MARTIN KOWALSKY,

        Plaintiff-Appellant,

v

TARAH KADZIELAWSKI,

        Defendant-Appellee.

UNPUBLISHED
June 14, 2018

No. 337531
Oakland Circuit Court
LC No. 2016-153694-CK

Before: SAWYER, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting summary disposition in favor of defendant. Plaintiff contends on appeal that the trial court erred in determining that he was not entitled to death benefits from a life insurance policy that insured his ex-wife, Sherry Kowalsky, because plaintiff substantially complied with the terms of the policy when he requested a change of beneficiary that would have given him a 60% interest in the death benefits. We affirm.

In 2002, plaintiff purchased a life insurance policy from AAA Life Insurance Company (AAA) insuring his life for $450,000. Plaintiff added a rider to the policy that insured Sherry's life for $100,000. Sherry's daughter, defendant, was named as the sole beneficiary of the rider. On August 28, 2015, Sherry and plaintiff were divorced. Then, on October 4, 2015, plaintiff faxed two forms to AAA: the first form requested that the beneficiaries of plaintiff's death benefits be changed, and the second requested that the beneficiaries of Sherry's death benefits be changed. The first form was signed by plaintiff and dated October 4, 2015, while the second form was signed by Sherry and dated July 30, 2015. On October 6, 2015, AAA sent a letter to plaintiff indicating that the beneficiaries to *his* death benefits had been changed pursuant to his request.

On February 7, 2016, Sherry died, and both plaintiff and defendant filed life insurance claim forms with AAA. AAA then notified plaintiff that the application to change the beneficiary to Sherry's death benefits had been rejected because it was signed by Sherry rather than plaintiff, the owner of the policy. Notwithstanding, AAA filed an interpleader action in the Oakland Circuit Court seeking a determination from the trial court as to the proper beneficiary of Sherry's death benefits. Plaintiff filed a cross-claim against defendant and a counterclaim against AAA, requesting in both that the trial court determine that plaintiff's October 4, 2015 beneficiary change request substantially complied with the terms of the insurance contract, and

-1-

that per the request, plaintiff was entitled to 60% of Sherry's death benefits. AAA was later dismissed from the case with prejudice when it was determined that the amount in controversy was undisputed, and that the only actual dispute was between plaintiff and defendant.

Both plaintiff and defendant filed motions for summary disposition under MCR 2.116(C)(10). Plaintiff contended that there were no material facts in dispute, and that reasonable minds could not differ regarding whether plaintiff substantially complied with the insurance contract to effectuate a change of Sherry's beneficiaries. To the contrary, defendant contended that plaintiff had not substantially complied with the contract terms, and that regardless, even assuming plaintiff's request was proper, the August 28, 2015 consent judgment of divorce extinguished any beneficiary interest plaintiff would have had in Sherry's death benefits. The trial court agreed with defendant, holding that (1) the consent judgment of divorce terminated any interest plaintiff might have had in Sherry's life insurance, and (2) plaintiff did not substantially comply with the terms of the policy to alter Sherry's beneficiaries. Plaintiff now appeals and we affirm.

We review de novo a trial court's decision to grant a motion for summary disposition. *Sheridan v Forest Hills Pub Sch*, 247 Mich App 611, 620; 637 NW2d 536 (2001). A motion brought under MCR 2.116(C)(10) "tests the factual support of a plaintiff's claim." *Spiek v Dept of Transp*, 456 Mich 331, 337; 572 NW2d 201 (1998). The moving party must identify the matters that have no disputed factual issues, and has the initial burden of supporting its position with documentary evidence. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). The party opposing the motion must then establish by evidentiary materials that a genuine issue of disputed fact exists. *Id*. After considering the documentary evidence submitted in the light most favorable to the nonmoving party, the court determines whether a genuine issue of material fact exists to warrant a trial. MCR 2.116(C)(10); *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004). Additionally, we review the interpretation of a contract de novo as a question of law. *Innovation Ventures v Liquid Mfg*, 499 Mich 491, 507; 885 NW2d 861 (2016).

" 'A settlement agreement, such as a stipulation and property settlement in a divorce, is construed as a contract.' " *In re Lett Estate*, 314 Mich App 587, 599; 887 NW2d 807 (2016), quoting *MacInnes v MacInnes*, 260 Mich App 280, 283; 677 NW2d 889 (2004). "The same legal principles that generally govern the construction and interpretation of contracts also govern a settlement agreement in a judgment of divorce." *In re Lett*, 314 Mich at 599-600. "Thus, a consent judgment of divorce is a contract that must be interpreted according to the plain and ordinary meaning of its terms[.]" *Id*. at 600. Every judgment of divorce must determine the rights of the divorcing parties to certain proceeds they might otherwise have received in marriage, including insurance proceeds as required by MCL 522.101. See MCR 3.211(B)(1). MCL 552.101(2) provides:

> Each judgment of divorce or judgment of separate maintenance shall determine all rights of the husband in and to the proceeds of any policy or contract of life insurance, endowment, or annuity upon the life of the wife in which the husband was named or designated as beneficiary, or to which he became entitled by assignment or change of beneficiary during the marriage or in anticipation of marriage.

In this case, a consent judgment of divorce was entered on August 28, 2015, and provided:

> **IT IS FURTHER ORDERED** that all rights of either party to the proceeds of any policy or contract for life insurance, endowment, or annuity upon the life of the other in which the party is designated as a beneficiary is hereby terminated. If either party retains the other party as a beneficiary on his or her insurance, he must specifically designate that person as a beneficiary following the entry of this Consent Judgment of Divorce.

The trial court found that, by its plain terms, this provision of the divorce judgment extinguished any rights plaintiff might have had to Sherry's death benefits. Thereafter, Sherry was required, per the terms of the consent judgment, to take affirmative action if she desired plaintiff to be a beneficiary to any policy insuring her life. The parties do not contest that Sherry took such an affirmative action on July 30, 2015—one month *before* entry of the consent judgment of divorce. And it is undisputed that Sherry took no affirmative action subsequent to the entry of the consent judgment. Thus, even assuming arguendo that plaintiff substantially complied with the terms of the insurance policy, per the policy, any beneficiary change would have taken effect the date the form was signed—July 30, 2015—and would have been nullified by the consent judgment of divorce—on August 28, 2015.

One could argue that plaintiff actually submitted the request forms on October 4, 2015, and that since it was required that both forms be signed by plaintiff and not Sherry, Sherry's July 30, 2015 signature was irrelevant. A coversheet attached to the form request was signed by plaintiff and dated October 4, 2015, and thus, if AAA had accepted the request, it might have become effective on October 4, 2015—*after* entry of the consent judgment. However, the judgment of divorce still required Sherry to make an affirmative action *subsequent* to August 28, 2015, and it is undisputed that she took no such action. Accordingly, the trial court correctly determined that plaintiff's "unilateral attempt to confer upon himself post-divorce a beneficiary interest in a policy on Sherry's life [was] contrary to" the consent judgment. Considering the evidence, reasonable minds could not differ that the consent judgment of divorce extinguished any beneficiary interest plaintiff might have had in Sherry's death benefits.

We further note that plaintiff has failed to address this issue on appeal. When a party fails to specifically address or brief the merits of a claim of error, we consider the issue abandoned. *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 406; 651 NW2d 756 (2002) (citation omitted). The trial court relied on the consent judgment of divorce in determining that plaintiff was not entitled to Sherry's death benefits, and only addressed the substantial compliance issue as an alternative justification for its ruling. Yet, plaintiff fails to even mention the consent judgment issue on appeal, and thus, plaintiff has abandoned the issue. Further, we need not address plaintiff's substantial compliance argument because, regardless of whether plaintiff substantially complied with the terms of the insurance contract, the trial court

found that the judgment of divorce terminated any interest plaintiff would have had in the insurance policy, and plaintiff has abandoned any argument to the contrary.

Affirmed.

/s/ David H. Sawyer
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood